MICHAEL P. McNAMARA (SBN 106079)
KIRSTEN H. SPIRA (SBN 119885)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067-5052
Telephone: (310) 734-3200 // Facsimile: (310) 734-3300
Email: mmcnamara@steptoe.com
Email: kspira@steptoe.com

MORGAN L. HECTOR (SBN 246573)
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles CA 90071
Telephone: (213) 439-9494 // Facsimile: (213) 439-9599
Email: mhector@steptoe.com

Attorneys for Defendant
GREENBERG TRAURIG, LLP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GARRY SAPERSTEIN,<br><br>            Plaintiff,<br><br>      v.<br><br>GREENBERG TRAURIG, LLP, and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.:  2:16-at-00130<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441, 1446**<br><br>**[Declaration of David E. Hirsch, Richard Sirus, and a copy of the State Court Record attached hereto]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

NOTICE OF REMOVAL

Doc. # DC-8978989 v.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that defendant Greenberg Traurig, LLP ("GT") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 to remove this action from the El Dorado County Superior Court, State of California, to this Court, with reference to the following facts:

1.      On or about August 28, 2015, plaintiff Garry Saperstein commenced this action in El Dorado County Superior Court, State of California, as Case No. PC20150456 (the "State Court Action").  Plaintiff's complaint alleges causes of action for legal malpractice, breach of fiduciary duty, and breach of contract.

2.      On or about February 1, 2016, GT's assistant general counsel signed the Notice and Acknowledgment of Receipt form provided by Plaintiff's counsel, thereby effectuating service on Defendant as of that date.

## TIMELINESS

3.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days of February 1, 2016, which is the date that service of the summons was complete. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (explaining that the time for removal begins to run once formal service of the summons is complete); *Langston v. 20/20 Companies, Inc.*, No. EDCV 14-1360 JGB SPX, 2014 WL 5335734, at *3 (C.D. Cal., Oct. 17, 2014) (30-day removal deadline not triggered until Acknowledgment of Receipt signed and returned pursuant to Cal. Code Civ. Proc. § 415.30).

4.      Defendant has not yet responded to the complaint in the State Court Action, and its time to respond has not yet expired.

**JURISDICTION AND VENUE**

5.    This Court has subject-matter jurisdiction over the claims asserted in Plaintiff's complaint pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  The citizenship of the parties is as follows:

a.    Plaintiff Garry Saperstein is, and at the time the complaint was filed was, a citizen of California.

b.    Defendant GT is, and at the time the complaint was filed was, a New York limited liability partnership with its principal place of business in New York.  Declaration of David E. Hirsch ("Hirsch Decl."), ¶ 4 & Ex. 2.

c.    The only two partners of defendant GT are, and at the time the complaint was filed were, non-parties Greenberg Traurig, P.A., and Greenberg Traurig of New York, P.C.  Hirsch Decl., ¶ 5.  Greenberg Traurig, P.A., is, and at the time the complaint was filed was, a Florida professional association with its principal place of business in Florida.  Hirsch Decl., ¶ 3 & Ex. 1.  Greenberg Traurig of New York, P.C., is, and at the time the complaint was filed was, a New York professional corporation with its principal place of business in New York.  Hirsch Decl., ¶ 5 & Ex. 3.

d.    Richard Sirus is referred to in the complaint as a defendant, but is not listed as a defendant in the caption or summons and no attempt has been made to serve him.  Declaration of Richard Sirus ("Sirus Decl."), ¶ 3.  However, out of an abundance of caution GT states that Mr. Sirus is an individual who currently is, and at the time the complaint was filed was, a citizen of Illinois.  Sirus Decl., ¶ 2.[1]  Mr. Sirus is, and at the time the complaint was filed

---

[1] In contrast to the allegations in the Complaint (at ¶ 2), Mr. Sirus is not an attorney licensed to practice law in the State of California.  He is licensed to practice law in the State of Illinois.  Sirus Decl., ¶1.

NOTICE OF REMOVAL

was, a shareholder of Greenberg Traurig, P.A.  Sirus Decl., ¶ 1.

6.    The amount in controversy exceeds $75,000.  While the Complaint does not state an amount, it seeks damages resulting from Mr. Saperstein's alleged loss of a 25% interest in a company called Key Performance Ideas, Inc., and requests compensatory, consequential, incidental, and punitive and exemplary damages.  Complaint at p. 5.  Further, Plaintiff has demanded in excess of the required amount in controversy to settle the case, indicating an amount in controversy in excess of that.  Sirus Decl., ¶ 4.  The Court can consider this demand for purposes of removal.  *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (considering settlement offer in determining amount in controversy for purposes of removal); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (same).

7.    In light of the foregoing, this Court has original jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because there is and was at the time the complaint was filed complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper because this Court is in the same district as the State Court Action was pending.  28 U.S.C. § 1441(a).

### THE RECORD FROM THE STATE COURT ACTION

9.    True and correct copies of the complaint, summons, civil cover sheet, notice of case assignment and case management conference, and notice and acknowledgment of receipt (served and executed) from the State Court Action are attached hereto as Exhibits A through F. No other pleadings, process or orders were served on Defendant in the State Court Action.

//

//

NOTICE OF REMOVAL

## JOINDER OF ALL DEFENDANTS

10.    As noted above, Mr. Sirus is referred to as a defendant in the body of the Complaint, but is not listed in the caption or summons. *See* ¶ 5(d), fn. 1, 2, *supra*.  In any event, Mr. Sirus has not been served and his joinder is therefore not required.  *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action.").  Had Mr. Sirus been properly named and served, he would have joined in this removal.  Sirus Dec., ¶ 3.

## NOTICE TO PLAINTIFF AND STATE COURT

11.    Promptly after filing this Notice of Removal, Defendant will provide a copy of the same to all parties and their counsel of record and will file a copy with the Clerk of the Superior Court in El Dorado County, California.

## JURY TRIAL DEMANDED

12.    Defendant demands a trial by jury of all claims and issues for which such a trial is available.

Dated:   February 11, 2016

STEPTOE & JOHNSON LLP


By:    /s/ Morgan L. Hector
          MORGAN L. HECTOR
Attorneys for Defendant
GREENBERG TRAURIG, LLP

NOTICE OF REMOVAL

Doc. # DC-8978989 v.1

# EXHIBIT A

STEVEN N. HOLLAND /CS SB # 132321
JUSTIN J. SCHNITZLER /CA SB # 240966
**RING HUNTER HOLLAND & SCHENONE, LLP**
985 Moraga Road, Suite 210
Lafayette, CA  94549
Telephone:      (925) 226-8248
Facsimile:      (925) 775-1943
sholland@rhhslaw.com
jschnitzler@rhhslaw.com

FILED

AUG 2 8 2015

EL DORADO CO. SUPERIOR COURT
BY.....................................(DEPUTY)

L. Vogel

Attorneys for Plaintiff Garry Saperstein

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF EL DORADO

| | |
|---|---|
| GARRY SAPERSTEIN <br><br> Plaintiff <br><br> v. <br><br> GREENBERG TRAURIG, LLP, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No: **PC20150456** <br><br> **COMPLAINT FOR:** <br><br> 1. **LEGAL MALPRACTICE** <br><br> 2. **BREACH OF FIDUCIARY DUTY** <br><br> 3. **BREACH OF CONTRACT** <br><br> DEMAND FOR JURY TRIAL |

RING HUNTER
HOLLAND &
SCHENONE, LLP

0

**COMPLAINT**

EXHIBIT A

STEVEN N. HOLLAND /CS SB # 132321
JUSTIN J. SCHNITZLER /CA SB # 240966
***RING HUNTER HOLLAND & SCHENONE, LLP***
985 Moraga Road, Suite 210
Lafayette, CA  94549
Telephone:      (925) 226-8248
Facsimile:      (925) 775-1943
sholland@rhhslaw.com
jschnitzler@rhhslaw.com


Attorneys for Plaintiff Garry Saperstein

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF EL DORADO

| | |
|---|---|
| GARRY SAPERSTEIN<br><br>          Plaintiff<br><br>     v.<br><br>GREENBERG TRAURIG, LLP, and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>  **1.  LEGAL MALPRACTICE**<br><br>  **2.  BREACH OF FIDUCIARY DUTY**<br><br>  **3.  BREACH OF CONTRACT**<br><br>   DEMAND FOR JURY TRIAL |

**RING HUNTER
HOLLAND &
SCHENONE, LLP**

0

EXHIBIT A
COMPLAINT

Plaintiff Garry Saperstein ("**Saperstein**" or "**Plaintiff**") alleges as follows:

1. Plaintiff is informed and believes, and based thereon alleges, that Defendant Greenberg Traurig, LLP ("**Greenberg Traurig**") is and at all times was a California limited liability partnership doing business in California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant Richard Sirus ("**Sirus**") is an attorney licensed to practice law in the state of California and was an employee of Defendant Greenberg Traurig.

3. DOES ONE through ONE HUNDRED, inclusive, are sued herein pursuant to Code of Civil Procedure section 474. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOES ONE through ONE HUNDRED, inclusive. Plaintiff will amend this complaint to allege their true names and capacities when the same are ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants named herein acted as the employee, agent, and/or, alter-ego, of each of the other defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the defendants acted within the scope of his or her relationship with and with the permission, consent, and ratification of each of the other defendants named herein.

5. Hereinafter in this complaint, unless otherwise specified, reference to a defendant or defendants shall refer to all defendants, and each of them. All defendants shall hereinafter be collectively referred to as "Defendants," which term shall refer to each and every defendant herein.

6. On June 25, 2009, Greenberg Traurig, LLP ("**Greenberg Traurig**") entered into an "Engagement" agreement ("**Engagement Agreement**") with Garry Saperstein. Amongst other relevant provisions, the Engagement Agreement is addressed to "Mr. Saperstein:" and provides:

RING HUNTER
HOLLAND &
SCHENONE, LLP

1

EXHIBIT A

**COMPLAINT**

- "We want to thank **you** for allowing Greenberg Traurig to have the opportunity **to represent you**… "

- "We certainly want **you** to know how much we value **our relationship with you** and will make every effort **to satisfy you** with prompt, thorough, and efficient legal representation"

- "This is to confirm that **we will be assisting you** with corporate restructuring consultation, employee incentive program and employment matters."

- "If **you** find these arrangements satisfactory, please sign the letter and return it to me."

- "We sincerely appreciate **the opportunity to represent you**, and I look forward to a pleasant and successful relationship."  (*Emphases added).*

7.    The Engagement Agreement was then signed directly by "Garry Saperstein," in his individual capacity, and specifically referenced that Garry Saperstein – the "undersigned" – "agrees to retain, engage, and employ Greenberg Traurig, LLP as legal counsel":

**ACCEPTANCE**

The undersigned hereby agrees to retain, engage and employ Greenberg Traurig, LLP as legal counsel, on the terms and conditions set forth in this letter.

Dated:  6\25\09

Garry Saperstein

8.    The Engagement Agreement was accepted and executed in El Dorado County and listed Saperstein's address in El Dorado County, specifically: 5324 Deerwood Drive, Shingle Springs, California, 95682.

9.    The accepted and executed Engagement Agreement was thereafter returned to Greenberg Traurig.

10.    For the next five years, Greenberg Traurig's Sirus worked closely and exclusively with Saperstein addressing legal issues related to Plaintiff's management as President of his company, Key Performance Ideas, Inc. ("**KPI**").

11.    On October 23, 2014, Saperstein received an unexpected fax directly from

RING HUNTER
HOLLAND &
SCHENONE, LLP

2

EXHIBIT A
COMPLAINT

Greenberg Traurig and Sirus, purporting to act on behalf of subordinate KPI officers/shareholders and purporting to terminate Saperstein from employment at KPI for unspecified "Cause." Neither Sirus nor any other person at Greenberg Traurig ever provided any notice to Saperstein or sought informed consent for Sirus' unknown efforts to terminate Saperstein for alleged "Cause."

12. Greenberg Traurig never requested permission, never requested a conflict waiver, never requested an amendment to the Engagement Agreement, and, on information and belief, never entered into any sort of engagement agreement directly with KPI or with any of the subordinate officers/shareholders at the company.

13. In the unauthorized fax, Greenberg Traurig vaguely asserted the following grounds for "Cause" against Saperstein:

> As you are aware, this firm is counsel to [KPI]. Please be advised that due to your failure to comply with repeated written requests from KPI Directors for the return of company records and to provide Uruguay office financial details, and due to your **possible** violations and malfeasance regarding company policies and procedures, your employment is hereby terminated immediately for cause. (*Emphases added*).

14. Greenberg Traurig and Sirus' unauthorized fax was without basis and was part and parcel of larger improper efforts by KPI's subordinate officers/shareholders.

15. Saperstein was thereafter removed from employment with KPI, despite founding the company, being a director, and being a 25% shareholder.

### FIRST CAUSE OF ACTION
### PROFESSIONAL NEGLIGENCE
### (Against All Defendants)

16. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

17. Defendants failed to use the skill required of lawyers practicing in California in a similar situation and incompetently represented Plaintiff by and through actions that included, but were not limited, engaging in a clear conflict of interest to assist other parties in efforts to terminate Plaintiff from employment with the company that he founded, owned, was a director, and was the acting highest officer as the company's President.

RING HUNTER
HOLLAND &
SCHENONE, LLP

3

COMPLAINT

18.    As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been damaged in an amount in excess of the jurisdictional limit of this Court. The total amount of Plaintiff's damages will be proven at trial.

19.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff, with an evil motive amounting to malice, and with a conscious disregard for Plaintiff's rights. Plaintiff is entitled to receive punitive damages from these Defendants and hereby demands an award of punitive damages from each defendant in an amount according to proof.

## SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

20.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

21.    By virtue of the attorney-client relationship between Plaintiff and Defendants and Plaintiff's independent close working relationship with Defendant Sirus, Defendants had and owed, fiduciary duties to Plaintiff as a matter of law, including, but not limited to, the duty owed based upon the attorney-client relationship, the duty of competency, the duty of loyalty, and the duties outlined in the California statutes and Rules of Professional Conduct governing the conduct and standard of care owed by attorneys.

22.    Plaintiff is informed and believes, and based thereon alleges, that Defendants breached their fiduciary duties owed to Plaintiff through the conduct set forth herein.

23.    As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been damaged in an amount in excess of the jurisdictional limit of this Court. The total amount of Plaintiff's damages will be proven at trial.

24.    Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with a wrongful intent to harm Plaintiff, with an evil motive amounting to malice, and with a conscious disregard for Plaintiff's rights. Plaintiff is entitled to receive punitive damages from these Defendants and hereby demands an award of punitive damages from each defendant in an amount according to proof.

RING HUNTER
HOLLAND &
SCHENONE, LLP

4

EXHIBIT A
COMPLAINT

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
#### (Against All Defendants)

25.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

26.    Defendants failed to competently represent Plaintiff and Plaintiff's interest; thereby breaching the Engagement Agreement.

27.    At all relevant times, Plaintiff has fully performed all conditions, covenants, and promises that were required of it under the Engagement Agreement for legal services, except those waived or excused by reason of Defendants' breaches.

28.    As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been damaged in an amount in excess of the jurisdictional limit of this Court. The total amount of Plaintiff's damages will be proven at trial.

### PRAYER

Plaintiff prays judgment as follows against Defendants:

1.    For all actual, compensatory, consequential, and incidental damages, according to proof;

2.    For punitive and exemplary damages, according to proof;

3.    For costs of suit incurred herein;

4.    For such other relief the Court may deem just and proper.

5.    Plaintiff demands a jury trial.

DATED:  August 28, 2015            *RING HUNTER HOLLAND & SCHENONE,* LLP


By:


_____  _____
STEVEN N. HOLLAND

RING HUNTER
HOLLAND &
SCHENONE, LLP

5

EXHIBIT A
COMPLAINT

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREENBERG TRAURIG, LLP, and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GARRY SAPERSTEIN

FILED

AUG 28 2015

EL DORADO CO. SUPERIOR COURT
BY L. Vogel (DEPUTY)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Cameron Park Branch | CASE NUMBER:<br>*(Número del Caso)* PC20150456 |
|---|---|

3321 Cameron Park Drive

Cameron Park, CA 95862

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Justin J. Schnitzler, CA SB#240966, Ring Hunter Holland, 985 Moraga Road, Suite 210, Lafayette, CA

| DATE: AUG 28 2015<br>*(Fecha)* | Clerk, by<br>*(Secretario)* L. Vogel | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT B

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Steven N. Holland, SB#132321, Justin J. Schnitzler, SB#240966<br>Ring Hunter Holland & Schenone, LLP<br>985 Moraga Road, Suite 210<br>Lafayette, California 94549<br>TELEPHONE NO.: 925-256-6948    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Garry Saperstein | FOR COURT USE ONLY<br><br>FILED<br><br>AUG 2 8 2015<br><br>EL DORADO CO. SUPERIOR COURT<br>BY **L. Vogel** (DEPUTY) |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF El Dorado
STREET ADDRESS: 3321 Cameron Park Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Cameron Park, CA 95862
BRANCH NAME: Cameron Park Branch

CASE NAME:
Garry Saperstein v. Greenberg Traurig LLP

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER:<br>**PC20150456** |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ✔ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✔ punitive
4. Number of causes of action *(specify):* Three
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 27, 2015
Justin Schnitzler
(TYPE OR PRINT NAME)    ▶    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*

EXHIBIT C

# EXHIBIT D

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF EL DORADO
3321 Cameron Park Drive
Cameron Park, California 95682
(530)621-5867                    Fax (530)672-2413



CASE NO. PC 20150456

AUG 2 8 2015

Plaintiff,

GARRY SAPERSTEIN
vs.
                          Defendant.

GREENBERG TRAURIG, LLP.

EL DORADO CO. SUPERIOR COURT
BY_____(DEPUTY
L. Vogel

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above
entitled case is set for  2:30 on 01/04/16, in Dept. 10.
3321 Cameron Park Drive, Cameron Park, California.

A Case Management Statement must be filed and served not less than
15 court days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of
Procedure section 631(b), a non-refundable jury fee of $150.00 must
be deposited with the court on or before the initial Case Management
Conference date in this action. Failure to timely deposit the funds
will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Reso-
lution Conference Date, a Mandatory Settlement Conference Date, and a
Trial Date. In lieu of a Dispute Resolution Conference, the parties
may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local
Rules, in particular, the rules governing Trial Court Case Management
(rule 7.12.00, et seq.). For additional information regarding the
Trial Court Case Management Program visit our website at:
www.eldoradocourt.org

You must be prepared to discuss all matters and dates which are the
subjects of the Case Management Conference. Telephonic court appear-
ances are provided through CourtCall to the Court. To make arrange-
ments to appear by telephone, please call the Program Administrator
with CourtCall, at (888) 882-6878 at least five (5) court days prior
to the conference.

CMC1                                              Rev 05/20/13

EXHIBIT D

# EXHIBIT E

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Steven N. Holland, SB#132321; Justin Schnitzler, SB#240966<br>Ring Hunter Holland & Schenone, LLP<br>985 Moraga Road, Suite 210<br>Lafayette, California 94549<br>TELEPHONE NO.: 925-226-8248   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* sholland@rhhlsaw.com<br>ATTORNEY FOR *(Name):* Garry Saperstein | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF El Dorado |
|---|
| STREET ADDRESS: 3321 Cameron Park Drive<br>MAILING ADDRESS: 3321 Cameron Park Drive<br>CITY AND ZIP CODE: Cameron Park, 95682<br>BRANCH NAME: Cameron Park Branch |

| PLAINTIFF/PETITIONER: Garry Saperstein |
|---|
| DEFENDANT/RESPONDENT: Greenberg Traurig, LLP |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>PC20150456 |
|---|---|

TO *(insert name of party being served):* Defendant Greenberg Traurig, LLP

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 12, 2016

Justin Schnitzler
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☐   Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT E

# EXHIBIT F

POS-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Steven N. Holland, SB#132321; Justin Schnitzler, SB#240966
Ring Hunter Holland & Schenone, LLP
985 Moraga Road, Suite 210
Lafayette, California 94549
TELEPHONE NO.: 925-226-8248    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* sholland@rhhlsaw.com
ATTORNEY FOR *(Name):* Garry Saperstein

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** El Dorado
STREET ADDRESS: 3321 Cameron Park Drive
MAILING ADDRESS: 3321 Cameron Park Drive
CITY AND ZIP CODE: Cameron Park, 95682
BRANCH NAME: Cameron Park Branch

PLAINTIFF/PETITIONER: Garry Saperstein

DEFENDANT/RESPONDENT: Greenberg Traurig, LLP

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
PC20150456

TO *(insert name of party being served):* Defendant Greenberg Traurig, LLP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 12, 2016

Justin Schnitzler
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):* Notice of Case Assignment and Case Management Conference

*(To be completed by recipient):*

Date this form is signed: Feb. 1, 2016

Jim Tolpin, Asst. GC of Greenberg Traurig
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT F